IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHERLENE THOMASON | ) | CASE No. 05-75810 |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

_____

## MEMORANDUM DECISION

The matter before the Court is the effect of the Debtor's failure to timely receive credit counseling and her failure to timely file schedules. On December 5, 2005, the Court took the matter under advisement, with the Debtor permitted to file written argument within 15 days. The Debtor did not submit written argument in support of her position. The matter is now ready for decision by this Court.

After due consideration of the facts and circumstances of this case and the applicable law, the Court concludes that the Debtor's case should be dismissed without prejudice.

FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 9, 2005. On November 10, 2005, the Court issued a deficiency Order as the petition was filed without certain required schedules and documents. Said Order stated that the case may be dismissed without further notice or hearing upon the "failure to cure said deficiency(ies) within fifteen (15) days from this date, or to file a pleading within such time requesting a hearing upon such asserted deficiency(ies). . ." On November 10, 2005, the Clerk of the Bankruptcy Court issued a notice to all parties in interest that a hearing would be held on

December 5, 2005 "for debtor to appear for failure to receive credit counseling pursuant to 11 U.S.C. Section 109 & 521 of the Bankruptcy Code." On December 5, 2005, the debtor filed a motion to extend the deadline to file schedules. On December 7, 2005, the Court entered an Order granting the Debtor an additional fifteen days to file her schedules. Under the Order, the Debtor was to file her schedules no later than December 20, 2005. As of the date of this Decision, the Debtor has not filed the required schedules. On December 5, 2005, a hearing was held and a member of the Debtor's family advised the Court that credit counseling had been completed by the Debtor. The Debtor filed a certificate of credit counseling on December 5, 2005, which stated that the Debtor received counseling from an approved agency on November 25, 2005.

## CONCLUSIONS OF LAW

### Jurisdiction

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A).

### Dismissal under 11 U.S.C. § 109(h)

Because this case was filed after October 17, 2005, it is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L 109-8, 119 Stat. 23 (April 20, 2005). Under this law, an individual may not be a debtor unless, during the 180-day

period preceding the date of filing of the petition, he or she received from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.  11 U.S.C. § 109(h)(1).  The requirement may be deferred with respect to a debtor who submits to the court a certification that

> (i) describes exigent circumstances that merit a waiver of the requirement of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A).  All of these three conditions must be satisfied.

The Debtor's petition was filed on November 9, 2005.  The Debtor filed a certificate of credit counseling on December 5, 2005, which stated that the Debtor received counseling from an approved agency on November 25, 2005.  The Debtor did not file a certification describing exigent circumstances that merit waiver of the credit counseling requirement or state that she requested credit counseling services but was unable to obtain the services within five days of the request.  The Debtor did not obtain credit counseling until November 25, 2005, sixteen days after the filing of her petition.  Section 109(h) is clear that in the absence of credit counseling in the 180 days preceding the filing, or a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain counseling within five days of the request, the certification is insufficient, leaving the court with no choice but to dismiss the case.  *In re Silesia M. Louredo*, No.05-15846-SSM, slip op. at 1-2 (Bankr.

E.D. Va., November 16, 2005) (citing *In re Timothy C. Watson*, No. 05-77864-DHA (Bankr. E.D.Va., November 3, 2005)). "Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering a bankruptcy filing could be informed about, and have an opportunity to consider, alternatives to bankruptcy." *Id*. at 2. In the instant case, the Debtor did not obtain credit counseling in the 180 days prior to the filing of her petition, nor did she file a certification of exigent circumstances or state that she requested credit counseling and was unable to receive it within five days of the request. Therefore, the Debtor's case must be dismissed.

<u>Dismissal for Failure to File Schedules</u>

The Debtor filed her petition on November 9, 2005. On November 10, 2005, an Order of Deficiency was entered due to the Debtor's failure to file schedules and other required documents. On December 5, 2005, the debtor filed a motion to extend deadline to file schedules which states: "I am requesting an extension regarding my bankruptcy. I am in the process of working with the credit counselors pertaining [sic] my debts. . . . P.S. The extension is so I may collect the schedules I'm working on with the credit counselor." On December 7, 2005, the Court entered an Order granting the Debtor an additional fifteen days to file her schedules.

Pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure, the schedules and statements must be filed with the petition or within 15 days thereafter if the petition is accompanied by a list of all the debtor's creditors and their addresses, unless the court extends that time on motion for cause shown. Under Rule 1007-1 of the Local Rules of the United States Bankruptcy Court Western District of Virginia, the failure to timely file schedules

will result in the dismissal of the case without further notice or hearing. Pursuant to the Order entered by this Court on November 10, 2005, the Debtor was advised that her failure to cure the deficiency within 15 days may result in the case being dismissed without further notice or hearing. On December 5, 2005, the Court granted the Debtor an additional fifteen days to file her schedules. As of the date of this Decision, the Debtor still has not filed the required schedules. The Debtor's failure to timely file any of the required schedules must result in dismissal of this case.

## CONCLUSION

Based upon the above authorities, the Court concludes that the Debtor's case must be dismissed without prejudice. An order to such effect will be entered contemporaneously with the signing of this Decision. The Clerk is requested to send a copy of this Memorandum Decision to each of the following: the Debtor, the Trustee, and the Office of the United States Trustee.

This 6th day of January, 2006.

*William F. Stone, Jr.*

UNITED STATES BANKRUPTCY JUDGE